FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 11, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON,<br><br>               Plaintiff,<br><br>   v.<br><br>JAY INSLEE, Governor, State of Washington; STEPHEN SINCLAIR, Secretary, Washington State Department of Corrections; DONALD R. HOLBROOK, Superintendent, Washington State Penitentiary,<br><br>               Defendants. | NO: 4:18-CV-5071-RMP<br><br>PROTECTIVE ORDER |

BEFORE THE COURT, upon oral motion by the parties at the July 10, 2018, scheduling conference in this matter, is a stipulated protective order. *See also* ECF No. 12-2. Having reviewed the parties' agreed, proposed order, the Court finds good cause to enter the protective order as submitted, subject to the "strong presumption in favor of access," and accompanying principles, set forth in

PROTECTIVE ORDER ~ 1

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), should the parties later file documents received subject to the protective order.

Accordingly, **IT IS HEREBY ORDERED** that the parties' oral motion is **GRANTED**, and the parties' stipulated protective order is **ENTERED** below.

## **PROTECTIVE ORDER**

This Order shall govern the designation, production, handling, and treatment, as well as the provision of access to the public, of all confidential documents and information obtained or observed by the parties or their agents that contain information that could jeopardize the safety and security of Washington State prisons and which is obtained or observed as a result of, or in the course of, this litigation. Such information shall be referred to as "confidential prison safety and security information" and includes, but is not limited to: information that could lead to the identification of a person's security threat group status, affiliation, or activities; information that reveals specific security threats associated with the operation and activities of security threat groups; information that identifies the number of security threat group members, affiliates, or associates in Department of Corrections facilities; information related to an individual's past or present protective custody status; information related to prison intelligence and investigations; information related to confidential informants; information related to "keep separate" orders or other safety restrictions on an individual's housing placement within the Department of Corrections; and any other information

reasonably believed to implicate safety and security concerns for the Department of Corrections or any individual. The purpose of this order is to protect the safety and security of Washington State prisons and the individuals whose confidential security threat group, protective custody status, and other safety-related information is in discovery or will be used at trial.

2. This order shall further govern the designation, production, handling, and treatment, as well as the provision of access to the public, of all confidential documents and information obtained or observed by the parties or their agents which is confidential pursuant to chapter 70.02 RCW, chapter 72.09 RCW, RCW 42.56.230, RCW 42.56.420, 42 U.S.C. § 290dd-2; 42 C.F.R. Part 2, and other material protected by federal or state law, and which is obtained or observed as a result of or in the course of this litigation. The purpose of this order is to protect the privacy of the individuals whose healthcare, mental health, and/or chemical dependency information is sought in discovery or will be used at trial.

3. <u>Documents</u>:

When used in this Order, the word "documents" means all written, recorded or graphic material whatsoever, including, but not limited to, materials produced pursuant to Civil Rule 34, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admission, and any portion of any Court papers that quote from any of the foregoing.

/ / /

4. <u>Scope and Designation</u>:

Any and all documents that include "confidential prison safety and security information" as described in Paragraph 1 of this document, or reveal the names or other personally-identifying information of past or current individuals housed in Department of Corrections facilities, or past or present constituents of Plaintiff, shall be governed by this Order and shall be referred to herein as "confidential information." As used herein, "personally identifying information" shall include, but is not limited to, health care record information, any information from which the identity of an incarcerated individual or constituent may be ascertained, and any information which is deemed confidential pursuant to chapter 70.02 RCW, chapter 72.09 RCW, RCW 42.56.230, RCW 42.56.420, 42 U.S.C. § 290dd-2; and/or 42 C.F.R. Part 2.

5. <u>Agreement on Confidentiality</u>:

The volume of records in this matter precludes document-specific designation of confidential information. Defendants will produce to Plaintiff's counsel examples of the confidential prison safety and security information Defendants deem covered by the Agreed Protective Order. Plaintiff will identify and redact such information when documents are filed with the Court, or will file documents containing such information under seal. If there are questions or disagreements, the parties will in good faith attempt to resolve these before seeking Court involvement.

/ / /

6. <u>Identification of Counsel</u>:

For the purpose of this Order, "counsel" or "attorney" means counsel of record for the parties of this action and all of their employees, contractors, subcontractors, agents, and experts.

7. <u>Use of Confidential Information</u>:

All confidential documents, documents containing confidential information, and any other confidential information obtained or observed by the parties or their agents shall be used solely for the purpose of conducting the action entitled *Disability Rights Washington v. Inslee, et al.*, Cause No. 4:18-cv-05071-RMP.

8. <u>Use and Designation of Confidential Material in Court Filings</u>:

When the parties file pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents with the Court that refer to information covered by this Agreed Protective Order, the parties must ensure that the individuals' names are not used and rather must replace each name with initials. In the event a party files pleadings with the Court that refer specifically to a person whose confidential information is the subject matter of this Protective Order and whose identifying initials or letters have not yet been agreed to, that party must notify opposing counsel as to the identity and corresponding designated letter(s) contained in the pleadings.

Portions of confidential records (such as medical records) may be attached to any pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or

PROTECTIVE ORDER ~ 5

other documents filed with the Court, but all records that contain confidential information must be filed under seal or appropriately redacted. When submitting or filing records with the Court under seal, the parties shall use the following designation:

> CONFIDENTIAL. SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE, CONTAINING THE ABOVE-IDENTIFIED PAPERS FILED BY [NAME OF THE FILING PARTY], IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED TO ANYONE OTHER THAN THE COURT AND ITS STAFF, OTHER THAN BY COURT ORDER OR AGREEMENT OF THE PARTIES.

Only the confidential records will be filed under seal. The pleadings, motions, affidavits, declarations, deposition transcripts, briefs, or other documents filed with the Court not filed under seal shall be appropriately redacted. Upon filing with the Court, the portion of the confidential record that has not been filed under seal or redacted becomes part of the public record.

    9.   <u>Disclosure of Confidential Material</u>:

All confidential records shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Agreed Protective Order.

Any individual's confidential information and any information deemed "confidential prison safety and security information" shall be disclosed only to the following persons:

(a) Counsel, including paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in the above entitled action;

(b) Any independent outside expert or consultant, and employees and assistants under the control of such expert or consultant, who is engaged by counsel in this litigation, whether or not such expert is paid directly by a party;

(c) Any director, officer, or employee of a party who is requested by counsel for such party to work directly on the above entitled action;

(d) Any deposition or trial witness;

(e) Any person who authored or received the particular confidential information sought to be disclosed;

(f) Any court or other shorthand reporter or typist recording or transcribing testimony; or

(g) The Court.

Confidential information shall not be disclosed to persons described in Paragraphs 8(b), (c), or (d) unless or until such persons have been provided with a copy of this Agreed Protective Order and have agreed in writing to abide by and comply with the terms and provisions therein.

/ / /

10. <u>Use of Confidential Information During Discovery</u>:

<u>Depositions</u>.

A party may designate as confidential the deposition transcript and all exhibits to the deposition by indicating on the record at the deposition that certain information is confidential and subject to the terms of this Agreed Protective Order.

Alternatively, the party may make a confidential designation by notifying all parties in writing within twenty (20) days after the deposition transcript is received by the party of the portions of the transcript and/or exhibits designated as confidential. During this interim twenty (20) day period, the entire transcript and the exhibits attached thereto shall be treated by all the parties as confidential. All transcripts and deposition exhibits containing any confidential information shall be marked: "CONFIDENTIAL. Subject to restriction by a Protective Order."

<u>Interrogatories, Requests for Production, and other discovery-related matters</u>.

Use of confidential information during discovery shall be designated as follows:

(a) The parties shall produce documents in discovery without redaction of confidential information unless the confidential information is otherwise privileged, and without identifying specific document(s) containing confidential information.

(b) All confidential information contained in documents produced in discovery shall be appropriately redacted prior to court filing or shall be filed under seal. The party filing such document(s) is required to identify and redact confidential information or file documents containing confidential information under seal.

(c) Any responses to interrogatories or requests for admission, which are designated by a party as containing confidential information, shall be submitted in a separate document with each page stamped as follows: "CONFIDENTIAL. Subject to restriction by a Protective Order."

11. <u>Use of Confidential Information at Hearing or Trial</u>:

A party may, subject to the rules of evidence and order of the Court, use any confidential information for any purposes at trial or at any hearing before a judicial officer in the above-entitled action. Any confidential information used in any court proceeding shall not lose its confidential status through such use, unless the Court orders otherwise.

12. <u>Preservation of Rights and Privileges</u>:

Nothing contained in this Protective Order shall (1) affect the right of any party or witness to make any other type of objection or claim; or (2) diminish Disability Rights Washington's rights and obligations under 42 U.S.C. § 10801, et seq., as amended; 42 U.S.C. § 15041, et seq.; and the regulations promulgated thereunder.

13. <u>Modification of the Protective Order</u>:

This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for an additional protective order, or for modification of this Order.

/ / /

14. <u>Storage and Destruction of Materials</u>:

Within thirty (30) days after the conclusion of the above-entitled action, including, without limitation, any appeal or retrial, all confidential information, including copies, extracts, or summaries, shall be destroyed or retained in a secure place in a confidential manner consistent with the parties' respective internal procedures. As to those materials containing confidential information, but constituting or reflecting counsel's work product, all such work product and all copies shall either be destroyed or retained by counsel in a secure place, subject to this Protective Order.

15. <u>Inadvertent Disclosure and Inadvertent Failure to Designate</u>:

Should any confidential information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly: (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s); and (b) use best efforts to bind the recipients to the terms of this Protective Order. No information shall lose its confidential status because of its disclosure to a person not authorized to receive it under this Protective Order.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

16. Upon conclusion of the above-entitled action, the provisions of this Agreed Protective Order shall continue to be binding.

17. This Agreed Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by Order of this Court made upon reasonable written request.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 11, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge