**EXHIBIT A**

1  | Timothy Lang, WSBA #21314
   | Haley Beach, WSBA #44731
2  | Cassie vanRoojen, WSBA #44049
   | Assistant Attorneys General
3  | Corrections Division
   | PO Box 40116
4  | Olympia, WA 98504
   | (360) 586-1445
5  |
6  |
7  | **UNITED STATES DISTRICT COURT**
   | **EASTERN DISTRICT OF WASHINGTON**
8  |

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON, | NO. 4:18-cv-05071-RMP |
| Plaintiff, | FINAL SETTLEMENT AGREEMENT |
| v. | |
| JAY INSLEE, Governor, State of Washington; STEPHEN SINCLAIR, Secretary, Washington State Dept. of Corrections; and DONALD HOLBROOK, Superintendent, Washington State Penitentiary, | |
| Defendants. | |

This Final Settlement Agreement ("Agreement") is between Plaintiff, Disability Rights Washington, by and through its attorneys, and Defendants, Washington State Department of Corrections Secretary Stephen Sinclair and Washington State Penitentiary Superintendent Donald Holbrook, by and through their attorneys. Plaintiff and Defendants are referred to collectively herein as the "Parties."

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

EXHIBIT ___A___

# I.    INTRODUCTION

## A.    Purpose of the Agreement

The purpose of this Agreement is to resolve matters identified in the Complaint filed in the Eastern District of Washington by Plaintiff Disability Rights Washington (DRW) in Cause Number 4:18-CV-5071-RMP. The Complaint alleged that Defendants confined individuals with mental illness in overly restrictive conditions due to their disability. Specifically, Plaintiff alleged individuals with mental illness who are classified as Minimum or Medium custody are confined in a more restrictive Close custody setting in the Residential Treatment Unit (RTU) of the Washington State Penitentiary's Baker-Adams-Rainier Units in order to receive mental health services, limiting the individuals' abilities to engage in programming and recreational opportunities for which they would otherwise be eligible. In their Answer, Defendants denied these allegations. Specifically, Defendants denied that individuals' placement in the BAR Units RTU is solely due to their disability and denied that such placement restricts individuals' ability to engage in programming or recreational opportunities for which they would be otherwise eligible.

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

**B.    Conditions to Effectiveness of the Agreement**

1.    The Parties enter into this Agreement with the goal of resolving the claims brought by DRW, as an organizational plaintiff, on behalf of its constituents.

2.    The Department of Corrections requested and received appropriations of approximately $5,000,000 in the 2019-21 biennial operating and capital budgets to implement this Agreement. The Legislature conditioned the appropriations on the parties reaching this Agreement to resolve the litigation.

3.    This Agreement shall not take effect unless and until the Court issues an order approving the Agreement and retaining jurisdiction to enforce its terms. The Parties agree to jointly recommend to the Court that it approve the terms of the Agreement. The Parties agree to take all steps and efforts contemplated by the Agreement.

## II.    TERMS OF AGREEMENT

**A.    Definitions**

1.    **Agreement** shall mean this Final Settlement Agreement between Plaintiff and Defendants.

2.    **Approval Order** shall mean the final order issued by the Court giving approval to the Agreement.

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1      3.    **BAR Units** shall mean the Baker, Adams, and Rainer Units at the

2   Washington State Penitentiary.

3      4.    **Plaintiff** shall mean DRW.

4      5.    **Plaintiff's Counsel** shall mean DRW attorneys Heather

5   McKimmie, Rachael Seevers, and David Carlson, as well as Andrew Biviano,

6   Breean Beggs, and Mary Dillon of Paukert & Troppmann.

7      6.    **Defendants** shall mean Washington State Department of

8   Corrections Secretary Stephen Sinclair, and Washington State Penitentiary

9   Superintendent Donald Holbrook.

10     7.    **Department** shall mean the Washington State Department of

11   Corrections.

12     8.    **Parties** shall mean the named Plaintiff and the remaining two

13   Defendants in the Complaint.

14     9.    **Mental Health Residential Treatment Units (RTU)** shall mean

15   the Department-designated living units for male incarcerated individuals who

16   need residential mental health treatment. These male RTUs are at the Special

17   Offender Unit at the Monroe Correctional Complex and parts of the BAR Units

18   at the Washington State Penitentiary.

19     10.   **Mod** shall mean a prison unit subdivision containing a dayroom

20   area, showers, and cells. For instance, each BAR Unit consists of three mods.

21

22

1      11.    **Substantial Compliance** shall mean adherence to the

2   requirements of the Agreement in all material aspects, recognizing that 100%

3   compliance is not required. Non-systemic deviations from the requirements of

4   the Agreement shall not prevent a finding of substantial compliance, provided

5   that Defendants demonstrate that they have (a) implemented a system for

6   tracking compliance, where appropriate and practical, and for taking corrective

7   measures in response to individual instances of non-compliance, and (b)

8   instituted policies and practices that are reasonably calculated to achieve

9   durable and sustained compliance. Substantial compliance shall govern all

10  requirements for the Agreement.

11  **B.    General Terms**

12      1.    **No Admission of Liability.** The Parties understand and agree that

13  this Agreement embodies a compromise and settlement of disputed claims, and

14  that nothing herein shall be deemed to constitute an admission of any

15  wrongdoing by Defendants nor any admission of liability as to such claims.

16      2.    **Effective Date of Settlement.** The Agreement shall be fully

17  effective and binding on the date on which the Court issues its Approval Order.

18      3.    **Termination of Agreement by Court Action**

19          a.    If the District Court declines to approve the Agreement, then

20          the Agreement shall automatically terminate and thereupon

21

22

1    become null and void once the period of time to initiate an appeal

2    of an order denying approval of the Agreement elapses.

3       b.    If there is a pending appeal of an order declining to approve

4    the Agreement, this Agreement shall not be terminated until final

5    resolution of any such appeal, except by written agreement of the

6    Parties.

7    4.    **Scope of Settlement.** The Parties agree that the terms of this

8    settlement encompass the custodial assignment and conditions of confinement

9    of individuals in the Residential Treatment Unit (RTU) in Washington State

10   Penitentiary's BAR Units.

11   **C.    General Principles of the Agreement**

12   1.    The Parties agree that incarcerated individuals assessed at an RTU-

13   level of care in the Department's custody should be housed in the least-

14   restrictive prison environment appropriate to their assigned custody and mental

15   health needs and consistent with legitimate institutional security concerns.

16   2.    The Parties agree that incarcerated individuals assessed at an RTU-

17   level of care in the Department's custody are protected under the Americans

18   with Disabilities Act and creating appropriate housing for these individuals is a

19   Department priority.

20   3.    The Parties agree that DOC 300.380 and its Attachment 1 describe

21   the Department's classification practices and custody levels, including those

22

FINAL SETTLEMENT AGREEMENT          6          ATTORNEY GENERAL OF WASHINGTON
NO. 4:18-cv-05071-RMP                                    Corrections Division
                                                          PO Box 40116
                                                      Olympia, WA 98504-0116
                                                         (360) 586-1445

1    custody levels most relevant to this agreement: Close, Medium, and Minimum

2    Custody MI3 (MI3).

3    **D.    Obligations of the Parties**

4        1.    **Substantive Terms.** Defendants will take the following actions to

5    ensure people in the RTU at the BAR Units are placed in the least-restrictive

6    prison environment appropriate to their assigned custody and mental health

7    needs and are not housed in overly restrictive conditions because of their need

8    for mental health services.

9            a.    The Department will review the custody score, assigned

10           custody, and housing assignment for each person in the RTU at the

11           BAR Units. Those individuals who have behavioral or mental

12           health needs that the multidisciplinary Facility Risk Management

13           Team (FRMT) believes necessitate their placement in a higher

14           custodial setting than the one that corresponds to their custody

15           score under DOC Policy 300.380 will have those individual needs

16           documented and provided to the Headquarters Community

17           Screening Committee (HCSC) pursuant to that policy and its

18           Attachment 1. If HCSC finds that an individual is in need of an

19           override to a higher assigned custody due to their mental health-

20           related behaviors, the HCSC will record the individualized reasons

21           in the "Formal HCSC Decision" document or other substantially

22

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1    similar form. If HCSC approves such an override, mental health

2    staff are responsible for developing, implementing, and regularly

3    reviewing the person's mental health treatment plan to ensure that

4    reducing behaviors and symptoms associated with placement in a

5    more restrictive setting is included as a treatment goal and that

6    specific, objective, individualized benchmarks for meeting that

7    goal are included in the treatment plan to assist the person in

8    reducing these behaviors and symptoms.

9        Defendants have established a target time frame to be in

10    compliance with this provision of within six (6) months of

11    execution of this Agreement. This time frame is established as a

12    guideline for the Parties and shall not form the basis for contempt

13    proceedings.

14    b.    The Department will designate one BAR Unit as

15    Medium/MI3 security, with at least two mods on that unit

16    designated as RTU mods. Based on the custodial classification and

17    housing assignment review described in Section (D)(1)(a) above,

18    BAR Units RTU individuals who can be housed in Medium/MI3

19    security conditions will be moved to Medium/MI3 security beds at

20    BAR RTU or SOU, as beds become available. The Department

21

22

FINAL SETTLEMENT AGREEMENT                8
NO. 4:18-cv-05071-RMP

will set forth its method for prioritizing individuals for transfer in the work plan created pursuant to Section (D)(2) of this agreement.

Defendants have established a target time frame to be in compliance with this provision of within three (3) months of execution of this Agreement. This time frame is established as a guideline for the Parties and shall not form the basis for contempt proceedings.

c.   The Department will retrofit the cell doors in the new BAR RTU Medium/MI3 unit to allow individuals to access their cells by personal key or push-button control.

    i.   Defendants have established a target time frame to be in compliance with this provision of within eighteen (18) months of execution of this Agreement. This time frame is established as a guideline for the Parties and shall not form the basis for contempt proceedings.

    ii.   Pending the above physical plant modification, Defendants will ensure that people housed in the Medium/MI3 unit of the BAR Units have the ability during non-lockdown hours to enter and exit their cells on demand or, alternatively, every thirty minutes as desired, and as otherwise consistent with the facility's count and movement

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

9

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

schedule. Defendants will also ensure that an individual may enter their cell upon request in response to a mental health emergency or pursuant to the person's Individual Behavior Management Plan or mental health treatment plan.

    d.    Defendants will ensure that people housed in the Medium/MI3 security RTU mods in the BAR Units have comparable access to out-of-cell time and programs and activities as are provided to people housed in the E and F units of the Special Offender Unit (SOU). These programs and activities include educational programming, work opportunities, mental health programs, and recreational opportunities.

        i.    Defendants will utilize the Annex A building at Washington State Penitentiary for programming, library services, and other recreational, work opportunities, educational, or treatment activities for individuals confined in the RTU of the BAR Units.

        ii.    Defendants have established a target time frame to be in compliance with this provision of within twelve (12) months of execution of this Agreement. This time frame is established as a guideline for the Parties and shall not form the basis for contempt proceedings.

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

10

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1    e.    In order to increase the overall programming available to

2    people in the RTU of the BAR Units, the Department will use best

3    efforts to recruit additional volunteer and/or community-based

4    service providers to provide additional programming. In addition,

5    the Department will continue to offer Sustainable Practices Lab

6    programs and activities to eligible individuals in the BAR Unit

7    programming areas as long as the program operates at WSP.

8         Defendants have established a target time frame to be in

9    compliance with this provision of within twelve (12) months of

10   execution of this Agreement. This time frame is established as a

11   guideline for the Parties and shall not form the basis for contempt

12   proceedings.

13   f.    The Medium/MI3 unit in the BAR Units will have dayrooms

14   that are comparable to those in the SOU Medium/MI3 custody

15   units and will have similar amenities, including but not limited to a

16   microwave, improved lighting, and sound dampening. People in

17   the Medium/MI3 RTU mods in the BAR Units will have

18   substantially similar access to personal items in the dayroom as

19   that provided to people in E and F units of the SOU.

20        Defendants have established a target time frame to be in

21   compliance with this provision of within six (6) months of

22

FINAL SETTLEMENT AGREEMENT                    11              ATTORNEY GENERAL OF WASHINGTON
NO. 4:18-cv-05071-RMP                                                     Corrections Division
                                                                            PO Box 40116
                                                                        Olympia, WA 98504-0116
                                                                           (360) 586-1445

execution of this Agreement. This time frame is established as a guideline for the Parties and shall not form the basis for contempt proceedings.

g.    Defendants will ensure that people housed in the RTU units in the BAR Units have comparable access to the yard as that permitted for people in the Medium and Close custody units in the SOU.

Defendants have established a target time frame to be in compliance with this provision of within six (6) months of execution of this Agreement. This time frame is established as a guideline for the Parties and shall not form the basis for contempt proceedings.

h.    Defendants will ensure that people housed in the Medium/MI3 RTU mods in the BAR Units have access to comparable commissary as that permitted for people in E and F units at the SOU. Commissary items may be limited for individualized reasons, which must be documented in the individual's mental health records and reviewed, at minimum, at each treatment plan review or custody facility review. If such a limitation is approved, mental health staff are responsible for ensuring that the individual's mental health treatment plan includes

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

12

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1    treatment goals and specific, objective, and individualized

2    benchmarks designed to reduce the behaviors and symptoms that

3    necessitated the limitation. This term does not refer to or affect the

4    loss of commissary items resulting from disciplinary infractions.

5    Defendants have established a target time frame to be in

6    compliance with this provision of within six (6) months of

7    execution of this Agreement. This time frame is established as a

8    guideline for the Parties and shall not form the basis for contempt

9    proceedings.

10    i.    In the event that an individual is housed in the BAR close

11    custody units and is deemed unsuitable to intermingle with

12    individuals in the medium custody unit, staff will enact reasonable

13    measures to prevent that individual from intermingling with

14    individuals housed in the medium custody unit.

15    Defendants have established a target time frame to be in

16    compliance with this provision of within six (6) months of

17    execution of this Agreement. This time frame is established as a

18    guideline for the Parties and shall not form the basis for contempt

19    proceedings.

20    j.    Defendants will ensure that the RTU in the BAR Units has

21    sufficient custody and mental health staff to implement the

22

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

13

increased recreation and programming anticipated under this Agreement.

Defendants have established a target time frame to be in compliance with this provision of within twelve (12) months of execution of this Agreement. This time frame is established as a guideline for the Parties and shall not form the basis for contempt proceedings.

k.     Defendants will undertake in-person orientation with all staff assigned to the BAR Units regarding the changes described in this Agreement.

Defendants have established a target time frame to be in compliance with this provision of within three (3) months of execution of this Agreement. This time frame is established as a guideline for the Parties and shall not form the basis for contempt proceedings.

2.     **Work Plan and Data Reporting.** Defendants will develop a work plan, including interim benchmarks, which will guide the Defendants' progress toward the above substantive changes. Plaintiff and the Department will meet quarterly to discuss Defendants' progress through the work plan. Prior to the quarterly meetings, the Department will provide Plaintiff with the following data:

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

14

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1          a.      The most recent Facility Risk Management Team Review

2          and mental health treatment plan for any individual who has

3          Medium custody points or lower and is housed in the Close

4          custody RTU at the BAR Units.

5          b.      Any "Formal HCSC Decision" that uses an override to place

6          an individual in a custody setting that is higher than their scored

7          custody due to their mental health-related behavior or needs, as

8          well as all supporting documentation that was reviewed by the

9          HCSC in rendering the override.

10         c.      Movement and programming schedule for the Medium/MI3

11         and Close custody RTU in the BAR Units and the Medium/MI3

12         and Close custody units at the SOU.

13     Defendants have established a target time frame of two (2) months from

14 the date of execution of this Agreement to develop a work plan. The first

15 quarterly meeting will discuss the work plan, and then the Parties will meet

16 every three months thereafter. These time frames are established as a guideline

17 for the Parties and shall not form the basis for contempt proceedings.

18 **E.     Monitoring by Plaintiff**

19     1.     Plaintiff DRW is entitled to conduct reasonable monitoring of

20 Defendants' compliance with this Agreement as outlined herein.

21

22

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

2.    Nothing in this Agreement shall be deemed to limit the ability of DRW to otherwise fulfill its federal mandates, including but not limited to, the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act, 42 U.S.C. §§ 10801-51, the Developmental Disabilities Assistance and Bill of Rights (DD) Act, 42 U.S.C. §§ 15041-45, and their implementing regulations.

3.    Plaintiff will visit the Medium/MI3 and Close custody RTU at the BAR Units twice per year to monitor the terms of this Agreement, unless Plaintiff is acting in accordance with its federal access authority, in which case it may visit more frequently.

4.    Nothing in this Agreement shall be deemed to limit Plaintiff's ability to access individuals, staff, and incarcerated individuals' records pursuant to its federal authority.

**F.    Termination of Agreement**

1.    **Good Faith Efforts.** The Parties intend to work in good faith to achieve substantial compliance with all requirements of this Agreement within twenty-four (24) months of Court approval of this Agreement. The Parties also agree, given their cooperative working relationship, to work in good faith to minimize the need for Court involvement in enforcing this Agreement. The expectation is that the Parties will, after full implementation of the Agreement, present a stipulated order terminating the Agreement and dismissing the case.

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

16

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1    2.    **Agreement Term.** The parties agree that, for thirty (30) months

2    following approval of this Agreement, the Court shall have continuing

3    jurisdiction to enforce the substantive terms of Section II (D)(1). At the end of

4    thirty (30) months, absent an order extending the term of the Agreement

5    pursuant to Section II (F)(3) below, this Agreement will automatically

6    terminate, the Court's jurisdiction will end, and the Court shall dismiss the case

7    with prejudice.

8    3.    **Proceedings to Extend Agreement Term.** The Parties agree the

9    Court may extend the Agreement term, and the Court's continuing jurisdiction

10    to enforce the Agreement, if the Court finds Defendants have not substantially

11    complied with the substantive terms of Section II (D)(1), or are not likely to

12    substantially comply, within thirty (30) months. Before seeking an extension of

13    the Agreement term, Plaintiff will follow the dispute resolution procedures set

14    forth in this Agreement.

15    4.    **Proceedings to Shorten Agreement Term.** The Parties agree the

16    Court may terminate the Agreement and dismiss the case before thirty (30)

17    months if the Court finds, based on a stipulation of the Parties or following fact-

18    finding proceedings pursuant to this paragraph, that Defendants have

19    substantially complied with the substantive requirements of Section II (D)(1). If

20    the Parties do not agree that Defendants have substantially complied with the

21    substantive requirements of Section II (D)(1), Defendants will follow the

22

1    dispute resolution procedures set forth in this Agreement before seeking early

2    termination of the Agreement.

3    **G.    Fees and Costs**

4         1.    **Fees and costs incurred to date.** Within thirty (30) days of Court

5    approval of this Agreement, Defendants will pay Plaintiff $185,000.00 (one

6    hundred eighty-five thousand dollars and zero cents) for all fees and costs

7    incurred in pursuing the claims resolved through the Agreement.

8         2.    **Monitoring costs.** As compensation for monitoring progress

9    towards substantial compliance with this Agreement, Defendants shall pay

10   Plaintiff the sum of $25,000.00 (twenty five thousand dollars and zero cents)

11   annually while this Agreement remains in effect. A year for the purposes of this

12   annual payment will be the State of Washington's fiscal year: July 1 of one

13   calendar year to June 30 of the next calendar year. For periods of time where

14   the Agreement is not in effect for an entire fiscal year, the Parties agree that the

15   amount for that fiscal year will be prorated based on the number of months

16   during the fiscal year that this Agreement was in effect. In exchange for this

17   annual payment, Plaintiff's counsel waives any future claim for any and all

18   attorneys' fees or costs they may incur related to monitoring this Agreement as

19   long as this Agreement remains in effect. The Department shall pay Plaintiff's

20   counsel on approximately June 30 of each year.

21

22

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1    3.    **Documentation**. Plaintiff agrees to continue to maintain

2    reasonable documentation of the amount of time spent on monitoring

3    Defendants' progress towards substantial compliance with this Agreement and

4    to provide it on reasonable request to the Defendants.

5    4.    **Fees for Compliance Determination.** Plaintiff shall be entitled to

6    recover reasonable costs and attorneys' fees if it successfully moves the Court

7    to enforce this Agreement, including to extend the term of the Agreement

8    pursuant to Section II (F)(3), to oppose early termination of the Agreement

9    pursuant to Section II (F)(4), or to otherwise enforce substantial compliance

10    with Section II (F).

11    **H.    Miscellaneous and Release Provisions**

12    1.    **Governing Law.** This Agreement shall be governed by the laws of

13    the State of Washington without regard to conflict of law principles.

14    2.    **Severability.** The provisions of this Agreement are not severable.

15    3.    **Dispute Resolution.** In the event that a dispute arises, including

16    either allegations of systemic non-compliance or individual examples that may

17    demonstrate systemic non-compliance, the Parties shall attempt to resolve the

18    issue or issues using the dispute resolution process as follows:

19    a.    If at any time during the time the Agreement is in effect,

20    Plaintiff's counsel believes that the Department is not complying

21    with this Agreement, Plaintiff's counsel shall provide the

22

FINAL SETTLEMENT AGREEMENT                19

NO. 4:18-cv-05071-RMP

Department, by and through counsel of record, with prompt written notice so that the Department may review the alleged non-compliance.

b.     If there is disagreement regarding the alleged non-compliance, and in order to resolve the alleged non-compliance, the Parties may exchange documents, drafts and/or other written communications.

c.     If the alleged non-compliance is not resolved through the exchange of written documents, Plaintiff's counsel may request an informal meeting with designated Department administration to discuss the alleged non-compliance.

d.     In the event Plaintiff's counsel requests an informal meeting, the Parties shall, in good faith, attempt to resolve the alleged non-compliance.

e.     If a timely and informal resolution cannot be reached by the Parties, either Party may request formal mediation to resolve the dispute. Mediation must be requested in writing within fourteen (14) days of the informal meeting referenced above. Mediation of the disputed matter shall occur within forty-five (45) days of the written request for mediation, unless otherwise agreed to in writing by the Parties or if the mediator is unavailable.

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP                          20                ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1          f.     The mediator to be used will be mutually selected by the

2     Parties at the time it is determined that mediation is necessary to

3     resolve the dispute as identified in the preceding paragraph.

4     Mediation costs shall be split evenly between Plaintiff's counsel

5     and the Defendants.

6        4.    **Amendment.** By mutual agreement, the Parties may change the

7    terms of this Agreement, including but not limited to, the timetables for taking

8    specific actions, provided that such mutual agreement is memorialized in

9    writing, signed by the Parties and approved by this Court.

10      5.    **Waiver.** The provisions of this Agreement may be waived only by

11    an instrument in writing executed by the waiving Party. The waiver by any

12    Party of any breach of this Agreement shall not be deemed or be construed as a

13    waiver of any other breach, whether prior, subsequent, or contemporaneous of

14    this Agreement.

15      6.    **Construction.** None of the Parties hereto shall be considered to be

16    the drafter of this Agreement or to any provision thereof for the purpose of any

17    statute, case law, or rule of interpretation or construction that would or might

18    cause the provision to be construed against the drafter thereof.

19      7.    **Principles of Interpretation.** The following principles of

20    interpretation apply to this Agreement:

21

22

FINAL SETTLEMENT AGREEMENT        21       ATTORNEY GENERAL OF WASHINGTON
NO. 4:18-cv-05071-RMP                          Corrections Division
                                              PO Box 40116
                                     Olympia, WA 98504-0116
                                        (360) 586-1445

a.   **Headings.** The headings herein are for reference purposes only and do not affect in any way the meaning or interpretation of this Agreement.

b.   **Singular and Plural.** Definitions apply to the singular and plural forms of each term defined.

c.   **References to a Person.** References to a person include references to an entity, and include successors and assigns.

8.   **Survival.** All representations, warranties, and covenants set forth herein shall be deemed continuing and shall survive the execution of this Agreement.

9.   **Counterparts.** This Agreement may be executed by exchange of executed faxed or .PDF signature pages, and any signature transmitted in such a manner shall be deemed an original signature. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which when taken together shall constitute one and the same instrument.

10.   **Binding Effect.** This Agreement binds and inures to the benefit of the Parties and their successors.

11.   **Further Assurances.** Each of the Parties agree, without further consideration, and as part of finalizing the Agreement hereunder, that they will in good faith promptly execute and deliver such other documents and take such

FINAL SETTLEMENT AGREEMENT
NO. 4:18-cv-05071-RMP

22

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1   other actions as may be necessary to consummate the subject matter and

2   purpose of the Agreement.

3       12.    **Protective Order.** In order to maintain confidentiality, the

4   protective order entered in this matter on July 11, 2018, shall remain in effect

5   during the time that the Agreement is in effect. The protective order shall

6   dictate the handling of confidential materials.

7   **For the Plaintiff**

8   By: _____        Date: 6/26/19

9       DRW Representative
        Plaintiff

10

11  **Counsel for Plaintiff**

12  By: _____        Date: 6/26/19

13      Rachael Seevers, WSBA No. 45846
        Disability Rights Washington

14
    By: _____        Date: 6/26/19
15
        Heather McKimmie, WSBA No. 36730
16      Disability Rights Washington

17  By: _____        Date: 6/26/19

18      David Carlson, WSBA No. 35767
        Disability Rights Washington

19
    By: _____        Date: 6/26/19
20
        Andrew Biviano, WSBA No. 38086
21      Breean Beggs, WSBA No. 20795
        Mary Dillon, WSBA No. 50727
22      Paukert & Troppmann PLLC

FINAL SETTLEMENT AGREEMENT          23          ATTORNEY GENERAL OF WASHINGTON
NO. 4:18-cv-05071-RMP                                    Corrections Division
                                                          PO Box 40116
                                                      Olympia, WA 98504-0116
                                                         (360) 586-1445

**For the Defendants**

By: _____    Date: 6/27/19
    Stephen Sinclair
    Secretary
    Washington State Department of Corrections
    Defendant

By: _____    Date: 6/27/19
    Donald Holbrook
    Superintendent
    Washington State Penitentiary
    Defendant

**Counsel for Defendants**

By: _____    Date: 6/27/2019
    Tim Lang, WSBA No. 21314
    Senior Assistant Attorney General

By: _____    Date: 6/27/19
    Haley Beach, WSBA No. 44731
    Assistant Attorney General

By: _____    Date: 6/27/19
    Cassie vanRoojen, WSBA No. 44049
    Assistant Attorney General

FINAL SETTLEMENT AGREEMENT    24
NO. 4:18-cv-05071-RMP

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445